(No. 4088—)

GEORGE WALDEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 9, 1948.*

OLIVER A. BURKHART, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, for Respondent; ARCHIE I. BERNSTEIN, Assistant Attorney General, of Counsel.

DAMRON, J.

George Walden was employed by the respondent on the State Game Farm of the Department of Conservation. On July 25, 1947, while in the performance of his duties as such employee, he received an injury, while lifting fence posts.

The record discloses that he reported the accident to his superior immediately, who recommended that he go home and if necessary employ a physician. At that time he was suffering excruciating pain in his left groin; however, claimant reported for work next day and continued at his employment for the respondent until August 23, 1947, when he was examined by Dr. Lyman A. Perkins of Yorkville, who diagnosed his disability as an indirect inguinal hernia. On August 26, 1947, the hernia was repaired by Dr. W. G. Eilert of Aurora, a specialist in surgery.

Claimant convalesced for eleven weeks thereafter, but never returned to his employment by the respondent, but workd at a restaurant which was owned and operated by his daughter. The record discloses that at the time of the injury the claimant was 69 years of age, had no children under 16 years of age dependent on him for support; that his annual earnings were $2,100.00; that his average weekly wage was $40.38 and therefore his weekly compensation rate is $19.50.

The record further discloses that the respondent paid Dr. W. G. Eilert of Aurora the sum of $100.00 for surgery but that the hospital was not paid by respondent. Claimant testified that he expended $10.00 for medicine and $10.00 for a truss and that the hospital bill amounted to $95.20.

The departmental report shows that the hernia first appeared shortly after the accident; and that the appearance was accompanied by pain; that the hernia was caused by the nature of the work being done by the claimant and it did not exist prior to the date of the accident.

Beatrice M. Allen was employed to report the testimony in support of this claim and to transcribe six copies

thereof for which she made a charge of $31.80 which we find is fair and reasonable.

Awards are hereby entered as follows: For a period of 11 weeks at $19.50 a week the sum of $214.50; for hospital, medicine, and truss the sum of $115.20 amounting to the total of Three Hundred Twenty-nine Dollars and Seventy Cents ($329.70) payable to claimant George Walden forthwith in a lump sum.

A further award is entered in favor of Beatrice M. Allen for transcribing the testimony in the sum of Thirty-one Dollars and Eighty Cents ($31.80).

The above and foregoing awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."